**In re Coordinated Pretrial Proceedings in ANTIBIOTIC ANTITRUST ACTIONS.**

**M 19–93A**
**and the following actions:**

70 Civ. 3157, 69 Civ. 5632, 69 Civ. 3220, 69 Civ. 1629, 69 Civ. 5154, 70 Civ. 3738, 70 Civ. 3737, 69 Civ. 4746, 69 Civ. 3294, 71 Civ. 570, 70 Civ. 3158, 69 Civ. 3195, 70 Civ. 1074 and 69 Civ. 2838.

United States District Court, S. D. New York.

May 29, 1971.

MISCELLANEOUS ORDER NO. 71–12

MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS CLAIMS OF INSURERS AND OTHERS SIMILARLY SITUATED

MILES W. LORD, District Judge (By Assignment).

Following discussions in New York and Minneapolis on January 14–15, 1971 and February 9–10, 1971, regarding "standing," "remoteness" and "passing-on," the court established a schedule for filing and briefing motions to dismiss, and motions for summary judgment, or partial summary judgment, in several categories of cases. (See Miscellaneous Order 71–6). It was the court's belief that the issues of "standing" and "remoteness" were legal ones involving essentially undisputable facts and therefore ripe for decision. However, all agreed that the so called "passing-on" defense required further discovery and was not appropriate for disposition at that time.

Comprehensive briefs were filed by all interested parties and the motions were argued in San Francisco on March 16, 1971. With one exception [1] the court concluded that a ruling on the merits of defendants' motions cannot be made at this time.

The main thrust of defendants' argument seems to be that since the *Hanover Shoe* [2] *doctrine* precludes the use of a "pass-on" defense against a seller in a chain of distribution *unless* the sale was pursuant to a "cost plus" or other fixed mark-up arrangement, a subsequent purchaser in the chain of distribution is too remote or lacks standing unless he purchased under a "cost plus" type contract.

However, as the Court of Appeals pointed out in the *settling cases*:

[T]here are then several obvious distinctions between the principles laid down in *Hanover Shoe* and the present case. First, the passing-on doctrine is not here being used as a defense to permit the defendants to escape liability, but rather as an attempt to award damages, insofar as is possible, to those who ultimately paid higher prices as a result of the collusive pricing, and to avoid giving a windfall gain to those who rather clearly were not injured. Secondly, to permit the use of a doctrine in the present circumstances will not act to limit or frustrate private treble-damage claims, but will, if anything, do the opposite.[3]

Courts [4] and commentators [5] have both confessed an inability to reconcile the standing and remoteness cases. The Eighth Circuit, recognizing the interrelationship between "remoteness" and "pass-on" recently concluded that one should not be decided without the other and that "judicial resolution of these complex issues must await the ripe adjudication of the factual context in which they arise." [6]

This court believes that the resolution of the standing/remoteness/pass-on issues as they relate to this litigation must also await further development of the *factual context in which they arise.*

It is therefore ordered that defendants' motions for summary judgment or dismiss as to the following actions are hereby denied without prejudice to the right of the defendants to refile similar motions at a later time:

| | |
|---|---|
| Valley Clerks Trust Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. C–70–1294LHB) | Civil Action No. 70 Civ. 3157 |
| Retail Clerks Local 770 & Food Employers Benefit Fund, et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. C–70–1681ACW) | Civil Action No. 70 Civ. 3738 |
| San Francisco Culinary, Bartenders and Service Employees Welfare Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. C–70–1295ACW) | Civil Action No. 70 Civ. 3158 |
| Hoffa Medical Center v. American Cyanamid | Civil Action No. 69 Civ. 5632 |
| Bakers Health & Welfare Fund, et al. v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. C–70–1680ACW) | Civil Action No. 70 Civ. 3737 |
| Group Health Cooperative of Puget Sound v. Chas. Pfizer & Co., Inc., et al. (W.D. Wash., Civil No. 8222) | Civil Action No. 69 Civ. 3195 |
| Building Service Union Health & Welfare Trust Fund v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. 51523) | Civil Action No. 69 Civ. 3220 |
| California Physicians' Service v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 4746 |
| Associated Life Insurance Co., etc. v. Chas. Pfizer & Co., Inc., et al. (N.D. Ill., Civil No. 70 C 368) | Civil Action No. 70 Civ. 1074 |

1. The motion to dismiss claims of purchasers of finished animal feed was granted, Misc. Order No. 71–11, 333 F.Supp. 310 (1971).

2. Hanover Shoe v. United Shoe Machinery Corp., 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

3. State of West Virginia v. Chas. Pfizer & Co., Inc., 440 F.2d 1079 (2nd Cir. 1971).

4. Wilson v. Ringsby Truck Lines, Inc., 320 F.Supp. 699 (D.Colo. 1970).

5. M. Handler, The Shift From Substantive to Procedural Innovations in Antitrust Suits—The Twenty-Third Annual Antitrust Review, 71 Col.L.Rev. 1, 24–31 (1971).

6. State of Minnesota v. U. S. Steel Corp., 438 F.2d 1380 (8th Cir. 1971).

| | |
|---|---|
| Teamsters Security Fund of Northern California, Inc. v. Chas. Pfizer & Co., Inc., et al. (N.D. Cal., Civil No. 51010) | Civil Action No. 69 Civ. 1629 |
| Aetna Life Insurance Co. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 3294 |
| Union Health Center of New York, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 2838 |
| Edward Swayduck, et al. v. Chas. Pfizer & Co., Inc., et al. | Civil Action No. 69 Civ. 5154 |
| Mutual of Omaha Insurance Co., et al. v. American Cyanamid Co., et al. (D. Minn., Civil No. 4–71–Civil–6) | Civil Action No. 71 Civ. 570 |

So ordered.